BATTISTINI *v.* TOUS SOTO, DISTRICT JUDGE.

APPLICATION for a writ of Certiorari.

No. 4.—Decided March 21, 1905.

ATTORNEY'S FEES—COMPULSORY PROCEEDINGS—PRINCIPALS—AGENTS.—An action to recover attorney's fees by compulsory proceedings and in accordance with the old law of Civil Procedure can be prosecuted only against the solicitor who may have intervened in the suit, and if no solicitor intervened therein, then against the obligee, but not against his attorney-in-fact, because the liabilities of attorneys-in-fact to make good obligations of their principals is conditional and depends upon the instructions which they may have received therefrom.

ID.—CERTIORARI—ILLEGAL PROCEEDINGS.—An action for the recovery of attorney's fees by compulsory proceedings prosecuted against the attorney-in-fact of the party bound to pay the same is an illegal and ineffectual proceeding, which may be annulled on application for a writ of *certiorari.*

ID.—NO ORDINARY REMEDY.—The object of the writ of *certiorari* is to afford an opportunity to superior courts to review and correct errors in matters of procedure committed by inferior courts in cases where there is no other ordinary remedy.

The facts are set forth in the opinion.

*Mr. Antonsanti,* for petitioner.

*Mr. Alvarez Nava,* for opponent.

MR. CHIEF JUSTICE QUIÑONES delivered the opinion of the court.

Attorney Frank Antonsanti, on behalf of Pedro Simon Battistini, applied to this Supreme Court for a writ of *certiorari* directed to the District Court of Ponce, to send up to this superior court the original or a certified copy of the record in the action brought in that court by Manuel Antonio Zeno y Gandía against Clementina Albina Voight de Castro, for the annulment of certain proceedings in order that this Supreme Court might review and, if proper, correct the illegal proceedings had in said court to the detriment of the petitioner as the attorney-in-fact of said Clementina, in connection with the claim of Attorney Julio M. Padilla for fees earned in said proceedings as counsel for said lady. The court issued the writ and upon the receipt in this court of the original record of the proceedings referred to, a day was set for the hearing, which was attended by counsel for the parties each making such arguments as he deemed proper in support of his rights.

From the record sent up by the District Court of Ponce it appears in effect that a complaint was filed in the former district court of that city, on July 10, 1901, by Attorney Luciano Ortiz Antón, on behalf of Manuel Antonio Zeno y Gandía, against Clementina Voight de Castro, in an ordinary action of greater import, for the annulment of summary execution proceedings prosecuted by the latter against the plaintiff for the recovery of a mortgage credit. The action took the usual course, Attorney Julio María Padilla appearing for Clementina, and a day was set for the oral hearing. At this stage of the proceedings Attorney Padilla, under date of December 1st of the following year, presented a petition accompanied by an account for fees, amounting to the sum of 260 *pesos,* swearing that they had not been paid him, and praying that in pursuance of the provisions of section 12 of the Law of Civil Procedure, Pedro Simon Battistini, as

the attorney-in-fact of Clementina, under whose instructions he had conducted the defense, be required to pay him said fees, under the penalty of the institution of compulsory proceedings should he fail to do so within five days. The next day, that is to say, on December 2, 1903, the court made an order granting the petition of Mr. Padilla, but Battistini requested that the demand should be served on Clementina personally, of which petition said Padilla was informed; and the proceedings remained at this stage until on March 8th, of the following year, when Attorney Padilla presented another petition insisting upon his claims anew, and praying that as Battistini had not made the payment, compulsory proceedings be instituted against him and that certain jewelry designated as his property should be attached. An order issued to this effect on the 9th of said month of March. Battistini appealed from this order within the third day after service of notice, and the appeal being denied as well as a motion for reconsideration of the decision denying the same, certain steps were taken, always on petition of Mr. Padilla, looking to the appointment of expert appraisers of the jewelry attached. Matters remained in this state until the appeal to this Supreme Court by Battistini was taken and the consequent transmission of the record to this superior court for a decision of the appeal.

Now, then, in view of these circumstances it is the opinion of the undersigned judge that the procedure followed by the former District Court of Ponce to enforce payment by compulsory process against Pedro Simon Battistini, as the attorney-in-fact of Clementina Voight de Castro, of the fees earned by counsel for the latter, Julio Ma. Padilla, in the action referred to, is really an irregular and anomalous procedure, inasmuch as Mr. Battistini has been adjudged to make payment as the attorney-in-fact of the party obligated, and certain private property of his has been attached in

manifest violation of a law which regulates and defines proceedings of this character.

It is true that the former law of Civil Procedure by section 12 authorized attorneys-at-law to collect their fees by compulsory process, but, according to the same law, this was understood only to apply against the solicitor who may have taken part in the proceedings, and when no solicitor had taken part against the party whom the attorney-at-law had defended; and it is clear that this exceptional and extraordinary procedure which the law authorized against certain specific persons, on account of their unavoidable liability for the payment of the fees earned by their counsel, could not be brought against any person other than those designated by the law, as has been done in this case, the compulsory proceedings being directed against the attorney-in-fact of the debtor, because the attorney-in-fact is not the party bound, upon whom the law provides demand for payment shall be made, or against whom compulsory proceedings should be instituted in a proper case, and because the liability of attorneys-in-fact for the payment of the obligations of their principals is conditional and dependent on the instructions which they might have received from the latter.

Therefore, the procedure followed by the former District Court of Ponce against Pedro Simon Battistini in the matter in question, is illegal and is consequently null and void in all its parts, as the purpose of a writ of *certiorari* is to permit superior courts to review and correct errors committed in matters of procedure by lower courts when no ordinary remedy exists to invalidate them, as occurs in this case, in which an ordinary appeal to this Supreme Court would not lie on account of the sum claimed not being sufficient to make such appeal admissible, under the laws in force prior to the new Code of Civil Procedure. For all these reasons the undersigned justice is of the opinion that the application for a writ of *certiorari* made by Pedro Simon Battistini should be

granted, and that, in consequence hereof, the compulsory proceedings prosecuted against him in the former District Court of Ponce to enforce payment of the fees earned by Julio Ma. Padilla, as counsel for Clementina Voight de Castro in the action referred to, should be declared null and void and the proceedings restored to their status on the date of the presentation by Attorney Padilla of the demand for payment and institution of compulsory proceedings against Pedro Simon Battistini; that is to say, December 1, 1903, the record of the case being returned to the District Court of Ponce, with a copy of the decision rendered, for its execution and other proper legal purposes.

*Writ issued.*

Justices Hernández, Figueras, MacLeary and Wolf concurred.